## CHARLES W. CLAYTON
### *v.*
## THE CITY OF CHICAGO.

1. TAXES — *concerning sufficiency of specification in a particular ordinance — of the object of the tax imposed.* Under section 4, chapter 9, of the revised charter of 1863, of the city of Chicago, which requires the object of the tax to be specified, an ordinance was passed imposing a tax of one mill on the dollar for permanent improvements. *Held,* that this was a sufficient specification of the purpose of the tax.

2. SAME — *mere informality in procedure — will not vitiate tax levied.* An ordinance levying taxes, and passed before the tax lists were completed by the clerk and signed by the assessors, does not vitiate the tax thereby imposed, every thing having been done that was necessary to authorize the levy. It is such an informality in the procedure as the charter expressly provides shall not vitiate the tax.

3. NOTICE BY TAX COLLECTOR — *in what proceeding its sufficiency may be questioned.* The charter of the city of Chicago requires that the collector, when he receives a warrant for the collection of taxes, shall give notice, that, after the expiration of sixty days, he will levy on the personal property of all persons who have failed to pay. On an application for judgment against the land assessed, whether the collector did or did not give notice that he would levy on personal property in default of payment, is wholly immaterial; so, in such proceeding, the sufficiency of the collector's notice in that regard cannot be questioned.

4. FORMER DECISION. The case of *Scammon* v. *The City of Chicago, ante,* p. 269, is decisive of the other questions presented in this case.

APPEAL from the Superior Court of Chicago.

The opinion states the case.

Messrs. E. A. RUCKER and J. S. PAGE, for the appellant.

Mr. S. A. IRVIN, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an application in the Superior Court of Chicago for judgment against certain real estate for the non-payment of taxes. The main question presented by the record is the addition by the assessors of forty per cent to the valuation of property in the south division. We have decided at the present term, in the case of *Scammon* v. *The City of Chicago, ante,* p. 269, that this addition was legal, and it is only necessary here to refer to the opinion already filed in that case.

The appellant also takes some further exceptions to the judgment.

The ordinance imposing this tax levied " one mill on the dollar for permanent improvements."

It is objected that this is not a sufficient specification of the purpose of the tax under section 4, chapter 9, of the charter, which requires the object of the levy to be specified. The ordinance levying the tax provides for the levy of four and one-half mills to defray contingent expenses, — one mill for permanent improvements, three mills for public expenses, and various other rates for different purposes which are specified in the ordinance. We are of opinion that the levy of one mill for " permanent improvements," was a sufficient specification. It would be obviously impossible to specify by ordinance at the beginning of the fiscal year, in a large and rapidly growing city, every permanent improvement that might be required in the course of the next twelve months. Bridges, streets, sidewalks, market houses, and other improvements of like character, might become necessary where no such necessity could have been foreseen ; and it was the evident intent of the legislature to grant power, in the 8th clause of the 1st section

of chapter 8, to levy a tax under the general head of permanent improvements.

The charter requires that the collector, when he receives a warrant for the collection of taxes, shall make publication of such fact, and give notice that, after the expiration of sixty days, he will levy on the personal property of all persons who have failed to pay. It is objected that the notice in the present case did not state that the collector would make a levy on personal property in case of failure to pay. The notice was, that "in default of payment, the taxes will be collected at the cost and expense of persons liable for the payment thereof." If the question before us were in regard to the validity of a levy made by the collector upon personal property, it would be necessary to decide whether the foregoing notice was a sufficient compliance with the statute. But it is an application for judgment against the land, and whether the collector did or did not give notice that he would levy on personal property in default of payment, is wholly immaterial. If he had given such notice, he would have been under no obligation to make such levy before applying for judgment. The material portion of this notice, so far as regards the present proceeding, was, that the warrant was in his hands, and that persons interested could make payment. In these respects the notice was unobjectionable. No objection is taken to the subsequent notice of the intended application for judgment against the lands, which seems to have been all that the law required.

It is also objected, that the ordinance levying the taxes was passed before the tax lists were completed by the clerk and signed by the assessors. As is remarked in the printed opinion of the judge who tried this case in the Superior Court, it is true the lists had not been mechanically completed and signed, but, nevertheless, all had been done that was necessary, in order to enable the common council to impose the tax. The assessors had revised and corrected their lists, and decided to add the forty per cent to the valuation of the south division, and had made an order directing the clerk to make the addition. Nothing remained to be done but a clerical act, the mere copy-

ing of the rolls into a book, to be signed by the assessors, and adding the forty per cent. The total valuation could as well be determined from the rolls as from a copy made from them, as it only was necessary to add the forty per cent in the manner directed by the assessors. This objection goes simply to the form of precedure, and not to the substance, and the charter expressly provides, that no such informality shall vitiate the tax.

There are several other objections taken to this judgment, but they are so utterly unimportant, that counsel cannot have placed any reliance upon them, and we do not deem it necessary to recapitulate them.

There is, however, one fatal error — the addition of the five per cent penalty. This we have decided in the case of *Scammon* v. *The City of Chicago*, already referred to, and our reasons for so ruling are given in that opinion.

*Judgment reversed.*